541 So.2d 514 (1989)
STATE of Alabama DEPARTMENT OF REVENUE
v.
George M. RITCHEY and M. June Ritchey.
87-1508.
Supreme Court of Alabama.
March 31, 1989.
Don Siegelman, Atty. Gen., and B. Frank Loeb, Chief Counsel, and Nancy I. Cottle, Asst. Counsel, Dept. of Revenue and Asst. Attys. Gen., for appellant.
Susan S. Wagner of Berkowitz, Lefkovits, Isom & Kushner, Birmingham, for appellees.
ADAMS, Justice.
The State of Alabama appeals the judgment of the Circuit Court of Jefferson County, Alabama, which held that property purportedly transferred by Charles B. Mathews as partnership capital could not be attached by the Revenue Department of the State to satisfy tax liens against Mathews. We affirm.
Mathews inherited the subject property from his father. Subsequently, on July 27, 1984, Mathews and George W. Ritchey formed a partnership known as R & M Properties ("the partnership"). The stated purpose of this partnership was to "acquire for investment, improve, manage, hold, lease, sell, exchange or otherwise deal with" the real property Mathews had inherited from his father. The partnership agreement was recorded in the Probate Court of Jefferson County, where the property is located. The partnership agreement gave a legal description of the subject property and provided in paragraph 5, entitled "Capital of the Partnership," as follows:

*515 "(a)Initial Contribution by Mathews: Charles Mathews has contributed the Subject Property to the capital of the Partnership, free and clear of any liens and encumbrances...."
Mr. Mathews, in exchange for the property, received a two-thirds interest in the partnership. Mr. Ritchey contributed $5,000.00 and agreed to make further cash contributions necessary for payments on a construction contract providing for renovation of improvements on the subject property. Pursuant to these provisions, Mr. Ritchey made contributions in excess of $50,000.00. In exchange for these financial contributions, Mr. Ritchey received a one-third interest in the partnership.
Between June and September 1987, the Revenue Department filed three tax liens against Mathews:
Tax lien, Real Property Book 3186, Page 836, against Charles and Linda Mathews, in the amount of $1,510.89, filed for record June 23, 1987;
Tax lien, Real Property Book 3225, Page 315, against Charles B. Mathews, d/b/a Mathews Catering Service, in the amount of $13,572.98, filed for record August 19, 1987; and
Tax lien, Real Property Book 3241, Page 34, against Charles B. Mathews, d/b/a Mathews Catering Service, in the amount of $3,812.74, filed for record September 14, 1987.[1]
On October 8, 1987, Mathews and Ritchey dissolved and terminated their partnership. On the same day, Mathews executed a quitclaim deed of the subject property to the partnership. The partnership, then, on the same day, conveyed by way of quitclaim deed the subject property to Mr. and Mrs. Ritchey.
The issue at trial and before this court is whether the property contributed by Mathews to the capital of the partnership by means of the written partnership agreement was, in fact, the property of the partnership so that the tax liens against Mathews individually did not attach. The trial court held that the partnership agreement was effective to convey legal title to the subject property to the partnership pursuant to Code of Alabama 1975, §§ 35-4-20 and 35-4-24. We agree.
A conveyance of real property in Alabama requires the following:
(1) A written instrument signed by the grantor and properly witnessed or acknowledged before a notary public. Code of Alabama 1975, §§ 35-4-20, et seq.
(2) The written instrument must evidence the intention of the grantor to convey the real property. This intention is determined by a review of the entire instrument. Code of Alabama 1975, § 35-4-21.[2]
The State, in the instant case, does not contend that the first conveyancing requirement stated above was not satisfied by the partnership agreement. We, therefore, focus our inquiry on the second requirementthe intent of the parties. The State's argument is based on the interpretation of the phrase, "has contributed," found in paragraph 5(a) of the partnership *516 agreement, quoted above. The State's contention is threefold:
(1) That the phrase "has contributed" does not effect a contemporaneous conveyance.
(2) That the phrase "contributed to the capital of the partnership" is ambiguous and could be interpreted as referring to a transaction in which Mr. Mathews could have retained a fee interest in the subject property.
(3) That the intent of the parties cannot be determined by a review of the entire partnership agreement because of its purported vagueness.
Ritchey counters by first arguing that the phrase "has contributed" must refer to a contemporaneous conveyance because the partnership agreement created the partnership. Ritchey further argues that the contribution in this case was of the "subject property," rather than a lesser interest in the "subject property." Ritchey rebuts the State's third argument by referring us to paragraph 5(b) of the partnership agreement, which provides for the contribution of $5,000 to the capital of the partnership by Ritchey. He argues that this provision cannot be rationally referred to as a loan, lease, or life estate in funds and, similarly, that paragraph 5(a), in which Mathews contributes the "subject property," cannot be interpreted as less than a fee simple transfer of the property. He also refers us to paragraph 12 of the partnership agreement, which grants the partnership the right to "`remove, demolish, or transfer ownership' of improvements to the property."
We hold that the partnership agreement did contain a valid conveyance of the real property, i.e., that it indicates that Mathews intended to convey the subject property to the partnership. This case is distinguished from Lilly v. Earl, 463 So.2d 143 (Ala.1984), because in this case there were 1) a definite granteethe partnership; and 2) words of conveyance"has contributed." A legal description of the property preceded the section on "Capital of the Partnership."
After a review of the partnership agreement, it is clear to us that Mathews intended to transfer all of his interest in the property to the partnership.
The statutory presumption in Code of Alabama 1975, § 10-8-70, buttresses our holding:
"Presumptions as to partnership property.
"(a) Property, whether real or personal, is presumed to be partnership property where:
"(1) It is included as such in the agreement of partnership...."
We, therefore, affirm the judgment of the trial court and hold that the real property in this case is not subject to attachment by the State. For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
NOTES
[1] All tax liens in this matter are unrelated to the partnership, but, rather, are related to other business and personal concerns of Mr. Mathews.
[2] "§ 35-4-20. Conveyance required to be in writing; signature; attestation by witnesses.

"Conveyances for the alienation of lands must be written or printed, or partly written and partly printed, on parchment or paper, and must be signed at their foot by the contracting party or his agent having a written authority; or, if he is not able to sign his name, then his name must be written for him, with the words `his mark' written against the same, or over it; the execution of such conveyance must be attested by one witness or, where the party cannot write, by two witnesses who are able to write and who must write their names as witnesses; or, if he can write his name but does not do so and his name is written for him by another, then the execution must be attested by two witnesses who can and do write their names.
"§ 35-4-21. Seal unnecessary.
A seal is not necessary to convey the legal title to land to enable the grantee to bring a civil action. Any instrument in writing, signed by the grantor or his agent having a written authority, is effectual to transfer the legal title to the grantee, if such was the intention of the grantor, to be collected from the entire instrument."