This is a domestic relations case.
After an ore tenus proceeding, C.E. Johnson, Jr. and Shirley M. Johnson were divorced on July 12, 1988. The wife was awarded custody of the parties' two children and child support, and the husband was awarded visitation privileges. The trial court also divided certain real property between the parties; this property division was subsequently appealed to this court and affirmed on May 24, 1989. See Johnson v. Johnson, 565 So.2d 629
(Ala.Civ.App. 1989).
On March 2, 1990 the husband filed a petition seeking custody of the minor daughter and child support. The wife filed an answer and counterclaim on March 13, 1990. The husband answered the counterclaim on March 26, 1990. On July 11, 1990 the trial court took evidence ore tenus on the parties' petitions, answers, and counterclaims. The trial court entered an order on July 25, 1990 in which it divided the personal property of the parties and required an exchange of deeds for real property previously awarded to each party. The trial court also ordered custody of the parties' minor daughter to remain with the mother.
On August 14, 1990 the wife filed a motion asking the trial court to reconsider its July 25, 1990 order. On August 23, 1990 the husband also filed a motion to reconsider the order. After a hearing on the wife's motion, the trial court amended the July 25, 1990 order to require the husband to pay off tax liens within 60 days on property previously awarded to the wife. The husband filed a motion for the trial court to reconsider its September 21, 1990 order. The husband's motions were subsequently denied by the trial court. The husband appeals.
The husband first argues that the trial court erred in awarding most of the parties' personal property to the wife. The husband does not question the court's authority to divide the parties' personal property on July 25, 1990; however, we find that the trial court lacked this authority.
After the expiration of 30 days from its entry, a divorce decree dividing the parties' property may not be modified, except for clerical errors. Ex parte Davis, 495 So.2d 672 (Ala. 1986). Further, when a specific asset of the parties to a divorce action is not disposed of by the decree, the parties are left in the same position relative to that asset as they were in prior to the decree. Ex parte Davis.
At the time of the divorce in July 1988, the trial court effected a division of the parties' real property; however, the decree did not dispose of the parties' personal property. In the absence of a request to correct clerical errors in the divorce decree, the property division in that decree was unmodifiable when the trial court entered its order on July 25, 1990. The court's attempt to effect a division of the parties' personal property was thus a nullity and is reversed.
The husband next contends that the trial court erred to reversal by refusing to give him a credit against the child support payment while the older child lived with him.
The trial court has the discretion to give a credit for accrued child support, and its decision not to grant such a credit *Page 91 
will not be reversed except for an abuse of its discretion.McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App. 1988). Moreover, credit is not allowed where there is no proof of expenditures for support. McKeever.
It is undisputed that the older child lived with the husband for about three months while legal custody remained with the mother. It is easily inferred that the husband provided some measure of support for the child during this period. However, the husband offered no evidence at trial to establish the exact amount of this support. The trial court was thus forced to speculate as to the amount of credit, if any, that should be given to the husband. Under these circumstances, we do not find that the trial court abused its discretion in refusing to give the husband a credit against his child support.
The final issue raised is whether the trial court had the authority to order the husband to pay tax liens imposed on two parcels of land awarded to the wife in the divorce decree.
The record shows that the liens were a result of the husband's failure to pay taxes on the property in question. However, the husband argues that he had no interest in the property on which a lien could attach for his nonpayment of taxes. The husband cites § 6321 of the Internal Revenue Code (1976), which provides that a lien may be imposed on any property, or interest in property, owned by a delinquent taxpayer. The husband points out that the wife had already been awarded title to the property at the time the taxes on the property were due and suggests that the wife now has the burden of removing the liens.
The record reveals that the 1988 divorce decree did award title of the property in question to the wife. However, the record also shows that the deeds to this property were not given to the wife until August 1990. The tax liens were imposed in January 1989; hence, at the time the liens were imposed, the records in the Baldwin County Probate Office reflected that the husband still had an interest in the property in question. We therefore find that no error infected the trial court's order of September 21, 1990 requiring the husband to pay the federal taxes due so that the liens which had been imposed could be withdrawn.
The judgment of the trial court is affirmed in part and reversed in part and the cause is remanded.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.