Barbara Van Allen and Harvey Van Allen were divorced by the Circuit Court of DeKalb County on February 5, 1982. The trial court incorporated an agreement of the parties into its divorce judgment. Paragraph 6 of that agreement provides:
 "It is agreed that the [husband] shall pay to the [wife] an amount equal to one-third (1/3) of his vested interest in the Profit Sharing Plan through his place of employment, Vulcraft, a division of Nucor. The time of such payment shall be at the option of the [husband], and the value will be figured as one-third (1/3) of the value at the time the [husband] makes such payment. However, should the [husband] withdraw any funds from said Profit Sharing Plan, said payment would be due immediately, and would be one-third (1/3) of the amount withdrawn."
On August 10, 2000, the husband petitioned the court for a clarification of paragraph 6 of the separation agreement, alleging that the administrator of the Nucor Corporation profit-sharing plan had "requested that a qualified domestic relations order be issued to effect the division of *Page 1277 
said funds between the [husband] and [wife], and has likewise requested that the Court clarify its intentions with respect to the division of said proceeds contained in the profit sharing plan."
After conducting a hearing on the husband's petition, the court, on December 19, 2000, entered the following order:
 "1. There is no ambiguity in the divorce decree entered February 5, 1982, as to the provision regarding the division of the [husband's] Profit Sharing Plan with his employer, Vulcraft, a division of Nucor.
 "2. Defendant is entitled under paragraph 6 of the final decree to an amount equal to one-third of Plaintiff's vested interest in said Profit Sharing Plan as of February 5, 1982. Additionally, [the wife] is entitled to any interest or other additions to such amount that have accumulated since February 5, 1982. [The wife] is not entitled to any division of benefits from [the husband's] employment that accumulated due to contributions made by the [husband] subsequent to February 5, 1982."
The wife appeals, following the denial of her postjudgment motion.
The wife argues that the trial court erred in finding no ambiguity in paragraph 6 of the separation agreement and by not allowing parol evidence to explain the ambiguity she says exists. This court has stated:
 "The courts of this state favor compromise and settlement of litigation, particularly in cases involving families. `[A] settlement agreement which is incorporated into a divorce decree is in the nature of a contract.' A divorce judgment should be interpreted or construed as other written instruments are interpreted or construed. `The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from them.' Whether an agreement is ambiguous is a question of law for the trial court. An agreement that by its terms is plain and free from ambiguity must be enforced as written. An ambiguity exists if the agreement is susceptible to more than one meaning. However, if only one reasonable meaning clearly emerges, then the agreement is unambiguous."
R.G. v. G.G, 771 So.2d 490, 494 (Ala.Civ.App. 2000). "Where an ambiguity exists, parol evidence may be admitted to clarify or explain the ambiguity." Curry v. Curry, 716 So.2d 707, 709 (Ala.Civ.App. 1998).
The husband interprets paragraph 6 to mean that the wife is entitled to one-third of the vested amount of the profit-sharing plan as of the date of the separation agreement, i.e., February 5, 1982, together with any accumulations thereon, i.e., interest, from that date, payable to the wife at such time as the husband elects to receive the funds from the plan. Focusing primarily on the second sentence of paragraph 6, the wife interprets the provision to mean that she is entitled to one-third of all funds contained in the profit-sharing plan at whatever time the husband elects to receive the funds from the plan. In other words, under the husband's interpretation the wife would be limited to one-third of just those funds, together with the accumulation thereon, that had been contributed on, or before, February 5, 1982, whereas, under the wife's interpretation, she would be entitled to one-third of all funds in the plan regardless of whether those funds were contributed on or before February 5, 1982, or thereafter. The wife contends that had the parties intended that the wife be limited to one-third of the amount in the plan on February, 5, 1982, then that amount could have been easily ascertained and a sum certain would have been placed in the agreement. *Page 1278 
After carefully reviewing paragraph 6 of the separation agreement, we conclude that it is reasonably susceptible to either the husband's or the wife's interpretation and, therefore, that it is ambiguous as written. We further note that it is not lost on this court that the administrator of the profit-sharing plan obviously was uncertain as to the meaning of paragraph 6 of the agreement, otherwise, the administrator would not have requested a clarification from the court as to its meaning. Finally, we note that counsel for the husband stated in a letter written to the wife that the language used in the agreement was not clear.
Accordingly, we conclude that the trial court erred in holding that paragraph 6 of the separation agreement was unambiguous and in failing to receive parol evidence to explain the ambiguity in the agreement. Therefore, we must reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED.
Crawley, Thompson, Pittman, and Murdock, JJ., concur.