Constance P. Smith ("the wife") and Gregory L. Smith, Jr. ("the husband"), were divorced in May 2001. The trial court incorporated into the divorce judgment an agreement the parties had reached as the result of mediation. After providing for the division of the parties' retirement accounts, the division of certain real property, the allocation of various items of personal property, and the husband's payments to the wife of alimony in gross, the agreement recites, in paragraph 9:
 "Each party shall keep any other account and any other property presently in their individual names with Wife disclaiming any and all interest she may have in any interest in which Husband owns in any business or other property including, but not limited to, Flowerwood Nursery of Alabama, Flowerwood Nursery of Georgia, Flowerwood Liners, PDSI, Summit Landscaping, Inc. and Flowerwood Management."
The agreement requires the parties to "execute all necessary documents to carry out the provisions of their agreement."
After the divorce, the husband sought to have the wife execute a quitclaim deed transferring to him her interest in a 19-acre parcel of real property located in Baldwin County and used in connection with the operation of the husband's business, Flowerwood Nursery. The wife refused *Page 386 
to execute a quitclaim deed; instead, she filed suit in Baldwin Circuit Court seeking a sale for division of the 19-acre parcel.[1]
In July 2003, the husband filed an action seeking a judgment declaring that he had been awarded the 19-acre parcel by virtue of paragraph 9 of the agreement incorporated into the divorce judgment; he also filed a motion to enforce the divorce judgment, seeking to compel the wife to execute a quitclaim deed to the property. The wife answered, alleging that she still had an interest in the 19-acre parcel that she had not relinquished by agreeing to paragraph 9 of the agreement. Following a hearing, the trial court held that, pursuant to paragraph 9 of the agreement, the husband had been awarded the disputed property; the court ordered the wife to execute, within 30 days of the entry of its judgment, the necessary deed to convey title to the husband. The wife appeals.
This court has stated:
 "A trial court has the inherent power to interpret, implement, or enforce its own judgment. Helms v. Helms' Kennels, Inc., 646 So.2d 1343 (Ala. 1994); Grayson v. Grayson, 628 So.2d 918 (Ala.Civ.App. 1993). Generally, a trial court may not modify a property division more than 30 days after the entry of the judgment. Rule 59, Ala. R. Civ. P.; Russell v. Russell, 386 So.2d 758 (Ala.Civ.App. 1980). However, if a provision in a divorce judgment is ambiguous, the court may interpret or clarify the judgment, and the clarification is not considered a modification of the judgment. Mullins v. Mullins, 770 So.2d 624 (Ala.Civ.App. 2000)."
Hallman v. Hallman, 802 So.2d 1095, 1098 (Ala.Civ.App. 2001).
Apparently, the trial court concluded that paragraph 9 of the agreement incorporated into the divorce judgment was ambiguous because it held a hearing and received parol or extrinsic evidence concerning the parties' intent with regard to the ownership of the 19-acre parcel. The record contains a deed, dated August 17, 1988, and recorded on August 22, 1988, conveying the disputed property from Charles W. Barnhill and Virginia P. Barnhill, husband and wife, to the husband and the wife, as joint tenants with the right of survivorship. The record also contains an unrecorded instrument dated August 18, 1988, and signed by the husband and wife, which reads as follows:
"Deed Correction
 "WHEREAS the Flowerwood Nursery paid a sum of $69,000 to Barnhill for a parcel of land . . ., and said land was incorrectly titled in the name of Gregory L. Smith, Jr., and Connie J. Smith, and
 "WHEREAS it is intended that the land be used by Flowerwood Nursery in its growing operations, and
 "WHEREAS it is not intended that the Smiths benefit from or dispose of said property without proper compensation to Flowerwood,
 "NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS that Gregory L. Smith, Jr., and Connie J. Smith, for and in consideration of the sum of Ten Dollars ($10.00), agree that for a period of Ninety-Nine years they shall sell said parcel to NONE OTHER THAN Flowerwood Nursery, Inc., a corporation of Alabama, and shall sell said parcel at a price of Ten Dollars ($10.00). In the event of their deaths, said property will automatically be transferred as if sold as described above. *Page 387 
 "IT IS FURTHER AGREED that Gregory L. Smith, Jr. and Connie J. Smith shall not use said property without paying Flowerwood Nursery a rate of thirty five hundred dollars per acre for the amount used by them, and agree further that at this time true and correct deeding shall be executed and recorded, reflecting a correct ownership of, and payment for, said parcel.
 "/s/ Gregory L. Smith Jr. "/s/ Connie J. Smith"
The husband testified that Flowerwood Nursery is a corporation owned by his family; that in 1988 he was the corporate secretary; and that he is now the president and general manager. He presented evidence that Flowerwood Nursery had paid for the 19-acre parcel in 1988; that it had listed the property as a capital asset on its books since that time; that it had made numerous improvements to the property; and that the property was essential to its business operations. The husband testified that the August 17, 1988, deed from the Barnhills was the result of a tax-free exchange. He explained that naming the wife and him as grantees in the deed was a "mistake" and that, therefore, he had typed a document that he called a "Deed Correction" the following day, August 18, 1988. The husband acknowledged that the "Deed Correction" did not purport to transfer title to the property to Flowerwood Nursery and that the parties never executed another deed conveying the property to Flowerwood Nursery. The husband conceded that his argument that the wife had no interest in the property was based solely on paragraph 9 of the agreement incorporated into the divorce judgment. The wife testified that she did not read the deed correction instrument before she signed it on August 18, 1988, but, she said, she signed it because the husband had asked her to do so. The wife stated that the husband had told her that the purpose of the deed correction document "was to protect the nursery from lawsuits, and that was good enough for [her]."
We must first decide whether paragraph 9 of the agreement is ambiguous. This court has held:
 "`The courts of this state favor compromise and settlement of litigation, particularly in cases involving families. "[A] settlement agreement which is incorporated into a divorce decree is in the nature of a contract." A divorce judgment should be interpreted or construed as other written instruments are interpreted or construed. "The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from them." Whether an agreement is ambiguous is a question of law for the trial court. An agreement that by its terms is plain and free from ambiguity must be enforced as written. An ambiguity exists if the agreement is susceptible to more than one meaning. However, if only one reasonable meaning clearly emerges, then the agreement is unambiguous.'
 "R.G. v. G.G, 771 So.2d 490, 494 (Ala.Civ.App. 2000). `Where an ambiguity exists, parol evidence may be admitted to clarify or explain the ambiguity.' Curry v. Curry, 716 So.2d 707, 709 (Ala.Civ.App. 1998)."
Van Allen v. Van Allen, 812 So.2d 1276, 1277 (Ala.Civ.App. 2001). Because the issue whether a contract provision is ambiguous is a question of law for the trial court to determine,see Sealing Equipment Products Co. v. Velarde, 644 So.2d 904,908 (Ala. 1994), and a trial court's conclusion on a question of law carries no presumption of correctness on appeal, see Exparte Cash, 624 So.2d 576 (Ala. 1993), we review the *Page 388 
trial court's ambiguity determination de novo.
 "Although the ore tenus presumption applies to the trial court's findings of fact, no such presumption adheres to the trial court's application of the law to those facts. Ex parte Agee, 669 So.2d 102, 104
(Ala. 1995). The [parties'] arguments are based upon the interpretation of certain provisions and terms in the parties' . . . agreement; such interpretations, like the interpretation of unambiguous contracts, are questions of law. See Agee, 669 So.2d at 105; Stacey v. Saunders, 437 So.2d 1230, 1233 (Ala. 1983)."
Laney v. Laney, 833 So.2d 644, 646 (Ala.Civ.App. 2002).
Paragraph 9 of the parties' agreement is composed of two clauses. The first clause provides that each party will retain all property that, at the time of the divorce, is in his or her individual name. The first clause has no application to the disputed 19-acre parcel because that parcel was not, at the time of the divorce, in either party's individual name. According to the August 17, 1988, deed, the parties held that property as joint tenants with the right of survivorship.
The prepositional phrase in paragraph 9 beginning with the words "with Wife disclaiming" provides that the wife disclaims "any and all interest she may have in any interest in which Husband owns in any business or other property including . . . Flowerwood Nursery." Although that phrase suffers from grammatical flaws, the flaws impede readability rather than obstruct meaning. The import of the phrase is plain: the wife repudiates her interest in any interest that the husband has in any business or other property, including Flowerwood Nursery. The phrase does not mean that the wife relinquishes her own interest, if any, in such business properties; it means that she disclaims whatever interest she may have in the husband's interest in such properties.
We conclude that the pertinent phrase in paragraph 9 is susceptible to only one reasonable meaning and that it is not, therefore, ambiguous. The trial erred by concluding otherwise. Accordingly, it follows that the trial court erred by admitting parol or extrinsic evidence bearing on the parties' intent with regard to the ownership of the 19-acre parcel. Moreover, the extrinsic evidence of the deed correction instrument does not support the husband's position. Even after considering the "Deed Correction," the trial court could have ruled only that the 19-acre parcel was held by the husband and the wife as joint tenants and that the wife's interest in the property was not affected by paragraph 9 of the agreement.
The deed correction instrument does not meet the requirements for a valid conveyance in Alabama. "To effectuate a transfer of title to real property, Alabama statutory law requires that a deed be in writing, that the grantor sign the deed, and that it be attested to by at least one witness." Smith v. Smith,820 So.2d 64, 70 (Ala. 2001); § 35-4-20, Ala. Code 1975. "If a conveyance is attempted and these requirements are not met, then the conveyance is void." Mississippi Valley Title Ins. Co. v.Hardy, 541 So.2d 1057, 1061 (Ala. 1989). "[A]n attempted conveyance of lands in a manner other than as required by the statute is void." Thomas v. Davis, 241 Ala. 271, 275,2 So.2d 616, 619 (1941).
The written instrument must also evidence the present intention of the grantor to convey real property. State Dep't of Revenuev. Ritchey, 541 So.2d 514 (Ala. 1989). This intention is determined by a review of the entire instrument. Id. In the instrument called a "Deed Correction," *Page 389 
the grantors' signatures are not attested to and the writing does not evidence the grantors' present intention to convey any property. Instead, the document states that "true and correct deeding shall be executed [presumably at some time in the future] and recorded reflecting a correct ownership of, and payment for, said parcel." (Emphasis added.) The deed correction instrument did not change the legal effect of the deed granting the 19-acre parcel to the husband and wife as joint tenants with the right of survivorship. Our supreme court has held:
 "Popwell v. Greene, 465 So.2d 384 (Ala. 1985) . . . recognizes that `extrinsic evidence of antecedent or contemporaneous oral or written agreements between a grantor and grantee is generally inadmissible to vary, change, contradict, or defeat the legal operation of a deed.' 465 So.2d at 386. However, in Floyd v. Andress, 246 Ala. 301, 20 So.2d 331
(1944), a case cited in Popwell, supra, the Court recognized that an action to reform a deed to speak the true intention of the parties is outside the operation of the rule that parol evidence is not admissible to vary the terms of a valid legal instrument."
Powell v. Evans, 496 So.2d 723, 725 (Ala. 1986). Although an action to reform a deed may be outside the general rule relating to the admission of parol evidence, the husband did not request that the trial court reform the 1988 deed.
We conclude that, at the time of the divorce, the wife was a joint tenant with the husband in the 19-acre parcel; that paragraph 9 did not operate to disclaim her interest in that property; and that the wife retains her interest in the 19-acre parcel. "[W]hen a specific asset of the parties to a divorce action is not disposed of by the decree, the parties are left in the same position relative to that asset as they were in prior to the decree. Ex parte Davis, [495 So.2d 672 (Ala. 1986)]."Johnson v. Johnson, 585 So.2d 89, 90 (Ala.Civ.App. 1991).
 "[W]hen a divorce decree is granted without any mention of the division of the parties' jointly owned property, each party retains the same right, title, claim, or interest therein which they held prior to the divorce. In essence, when the trial judge does not alter ownership that, in and of itself, disposes of the issue, and title to the property is left undisturbed by the judgment."
Hocutt v. Hocutt, 491 So.2d 247, 249 (Ala.Civ.App. 1986). Seealso Dominex, Inc. v. Key, 456 So.2d 1047, 1059-60 (Ala. 1984).
The judgment of the circuit court is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and MURDOCK, J., concur.
THOMPSON, J., dissents.
PITTMAN, J., recuses himself.
[1] The sale-for-division action is not before us on this appeal.