THOMAS, Judge.
Carol Jean Grisham, as the personal representative of the estate of Earnest Herbert Inman, deceased, appeals the trial court’s judgment entered against Inman’s estate and in favor of Rachel G. Edwards (“Ms. Edwards”); the trial court’s judgment declared void for improper execution a deed conveying a piece of real property (“the property”) from James Edwards (“Mr. Edwards”), Ms. Edwards’s husband, and Ms. Edwards (hereinafter collectively referred to as “the Edwardses”) to Inman.

Facts and Procedural History

The Edwardses purchased the property that is the subject of this action on September 15,1960. On January 10,1997, the Edwardses signed a warranty deed (“the 1997 deed”) conveying the property to In-man; Inman recorded the 1997 deed on January 21,1997, with the Colbert Probate Court (“the probate court”). Appearing at the foot of the 1997 deed are the signatures of two witnesses, Robert Thomas Wray II and Janice M. Kiser, attesting to the fact that the 1997 deed was “signed, sealed, and delivered” in their presence. Grisham, who is also a notary public, notarized the 1997 deed.
Grisham testified that she witnessed the Edwardses sign the 1997 deed. Grisham testified that she did not have the Ed-wardses swear under oath that they understood the 1997 deed or that they were executing the 1997 deed voluntarily. Gris-ham testified that she did, however, read the acknowledgment on the 1997 deed to the Edwardses before they signed it and that they understood the contents of the acknowledgment. The acknowledgment on the 1997 deed states:
“I, Carol Jean Grisham, a notary in ■and for [Colbert] County, [Alabama], hereby certify that James W. Edwards and wife, Rachel Gertrude Inman Edwards whose names signed to the foregoing conveyance, and who are known to me acknowledged, before me, on this day that being informed of the contents of this conveyance have executed the same voluntarily....”
The acknowledgment on the 1997 deed indicated that Grisham notarized the 1997 deed on January 15, 1997; however, Gris-ham testified that she had not filled in the date of the acknowledgment, which was typewritten into the acknowledgment, and that she thought January 10,1997, was the “correct” date. Ms. Edwards’s trial attorney, Robert Gonce, and Grisham had the following exchange during Gonce’s redirect examination of Grisham:
*989 “[Gonce]: The [1997] deed was signed by all of these people on January 10th, but you did not put an acknowledgment on there until January 15th?
“[Grisham]: I don’t know. I put [the] acknowledgment on it when it was signed, you can believe that.”
Grisham also testified that she had witnessed the two witnesses sign the 1997 deed. Grisham admitted that she could not remember if the Edwardses signed the 1997 deed inside or outside the house situated on the property.
Wray testified that he had not, in fact, witnessed Ms. Edwards execute the 1997 deed; Wray did not testify whether he had witnessed Mr. Edwards execute the 1997 deed. Wray testified that he had been approached by the Edwardses, Inman, and Grisham and that he had been requested to sign a document. Wray testified that he signed the document presented to him without knowing what it was. Wray further testified that Kiser was “out there” when “they” brought “it” to be signed. Wray testified that “it had already been signed at the time it was brought out there.”
On January 24, 1997, Inman took out an open mortgage on the property in the amount of $50,000. The mortgagee was Grisham. Grisham recorded her mortgage interest in the property.
Mr. Edwards died in November 2000.
On June 22, 2006, Inman signed a warranty deed conveying the property to Gris-ham; this deed was recorded with the probate court on March 24, 2009. Gris-ham testified that Inman conveyed the property to her “[a]s collateral for monies he had borrowed from me.” Grisham further testified that she did not recall exactly how much Inman owed her at the time he conveyed the property to her but that “at one time” he owed her $70,000 to $80,000. Grisham also testified that she had paid Inman approximately $80,000 in cash on the day that Inman conveyed the property to her.
On September 4, 2007, Ms. Edwards sued Inman, seeking to cancel the 1997 deed and to quiet title to the property. In her original complaint, Ms. Edwards argued that “the consideration for the [1997 deed] to [Inman] was an agreement by [Inman] to support [Ms. Edwards] during her lifetime and that [the 1997 deed] is void by virtue of provisions of Ala.Code 1975, § 8-9-12.”
On February 16, 2009, Ms. Edwards filed a motion for a summary judgment. The trial court granted Ms. Edwards’s summary-judgment motion on March 25, 2009.
On April 7, 2009, Grisham filed a motion to set aside the summary judgment entered in favor of Ms. Edwards. Grisham indicated that Inman had died on March 14, 2009, leaving a will appointing her the personal representative of his estate. Grisham requested that “[t]he estate should now be substituted as a party, with ... Grisham as the personal representative.” On June 28, 2009, the trial court granted Grisham’s motion to set aside the summary judgment. However, the trial court did not substitute Grisham as a party. Regardless, Grisham, in her capacity as the personal representative of Inman’s estate, has defended the action from that time forward.
On September 14, 2009, Grisham, as the personal representative of Inman’s estate, filed a motion for a summary judgment. Grisham argued that the 1997 deed could not be set aside pursuant to § 8-9-12 because Mr. Edwards never filed a petition to set aside the 1997 deed during his lifetime.
*990 On February 16, 2010, Grisham, as the personal representative of Inman’s estate, filed a motion to dismiss Ms. Edwards’s complaint, which the trial court denied.
On March 16, 2010, Ms. Edwards filed a motion to amend her complaint, alleging that the 1997 deed “is void because it failed to comply with Ala.Code [1975], § 35-4-20 and Ala.Code [1975], § 34-4-24 in that the deed was never properly witnessed or acknowledged.” The trial court granted Ms. Edwards’s motion to amend her complaint.
On July 1, 2010, following a nonjury trial, the trial court entered a judgement in favor of Ms. Edwards, stating in pertinent part that “[t]he [1997] [d]eed ... is hereby declared null and void and is set aside, based on improper execution of that [d]eed.” The trial court went on to hold that title to “the property ... is vested in [Ms.] Edwards.”
Grisham, as the personal representative of Inman’s estate, appealed to the Supreme Court of Alabama. Our supreme court transferred Grisham’s appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.

Standard of Review

This court set forth the well established standard by which we review judgments based on ore tenus evidence in Farmers Insurance Co. v. Price-Williams Associates, Inc., 873 So.2d 252 (Ala.Civ.App. 2003):
“ “When ore tenus evidence is presented, a presumption of correctness exists as to the trial court’s findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. J & M Bail Bonding Co. v. Hayes, 748 So.2d 198 (Ala.1999); Gaston v. Ames, 514 So.2d 877 (Ala.1987). When the trial court in a nonjury case enters a judgment without making specific findings of fact, the appellate court “will assume that the trial judge made those findings necessary to support the judgment.” Transamerica Commercial Fin. Corp. v. AmSouth Bank, 608 So.2d 375, 378 (Ala.1992). Moreover, “[u]nder the ore tenus rule, the trial court’s judgment and all implicit findings necessary to support it carry a presumption of correctness.” Transamerica, 608 So.2d at 378. However, when the trial court improperly applies the law to [the] facts, no presumption of correctness exists as to the trial court’s judgment. Allstate Ins. Co. v. Skelton, 675 So.2d 377 (Ala.1996); Marvin’s, Inc. v. Robertson, 608 So.2d 391 (Ala.1992); Gaston, 514 So.2d at 878; Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985); League v. McDonald, 355 So.2d 695 (Ala.1978). “Questions of law are not subject to the ore tenus standard of review.” Reed v. Board of Trustees for Alabama State Univ., 778 So.2d 791, 793 n. 2 (Ala.2000). A trial court’s conclusions on legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576, 577 (Ala.1993). This court reviews the application of law to facts de novo. Allstate, 675 So.2d at 379 (“[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the [trial] court’s judgment carries no presumption of correctness.”).’ ”
873 So.2d at 254-55 (quoting City of Prattville v. Post, 831 So.2d 622, 627-28 (Ala. Civ.App.2002)).

Discussion

Grisham, as the personal representative of Inman’s estate, essentially makes two arguments on appeal: (1) that the 1997 *991 deed properly conveyed the property to Inman; and (2) that the 1997 deed has been recorded for more than 10 years and, thus, pursuant to § 35-4-72, Ala.Code 1975, any defect in the acknowledgment or execution of the 1997 deed is cured, bringing the 1997 deed into compliance with § 35-4-65, Ala.Code 1975.
This court set forth the requirements for a valid conveyance in Alabama, as follows:
“ ‘To effectuate a transfer of title to real property, Alabama statutory law requires that a deed be in writing, that the grantor sign the deed, and that it be attested to by at least one witness.’ Smith v. Smith, 820 So.2d 64, 70 (Ala. 2001); § 35-4-20, Ala.Code 1975. ‘If a conveyance is attempted and these requirements are not met, then the conveyance is void.’ Mississippi Valley Title Ins. Co. v. Hardy, 541 So.2d 1057, 1061 (Ala.1989). ‘[A]n attempted conveyance of lands in a manner other than as required by the statute is void.’ Thomas v. Davis, 241 Ala. 271, 275, 2 So.2d 616, 619 (1941).”
Smith v. Smith, 892 So.2d 384, 388 (Ala.Civ.App.2003). Further, our supreme court has held that the requirement that at least one witness attest to the signature of the grantor on a deed may also be satisfied if the deed is “acknowledged before a notary public.” State Dep’t of Revenue v. Ritchey, 541 So.2d 514, 515 (Ala.1989) (citing § 35-4-20 et seq., Ala.Code 1975).
There is nothing in the record to dispute Grisham’s testimony that she witnessed the Edwardses execute the 1997 deed and that she acknowledged the 1997 deed on the same day. Although there is some dispute as to what date the 1997 deed was executed and acknowledged, Grisham undisputedly testified that she acknowledged the 1997 deed on the same day that the Edwardses executed the 1997 deed. Based on Grisham’s undisputed testimony, it is clear in this case that the requirements of a valid conveyance were met. The Edwardses undisputedly executed the 1997 deed and Grisham acknowledged that deed on the same date. Wray’s testimony that he and Kiser had not witnessed the Edwardses execute the deed is not dispositive because Grisham’s acknowledgment satisfies the requirement of § 35-4-20 that a witness’s attestation appear on the deed. Therefore, we reverse the trial court’s judgment holding that the 1997 deed was improperly executed, and therefore void, because it is not supported by the evidence.
Based on our holding that the 1997 deed was properly executed, we need not consider Grisham’s second argument. However, in her appellate brief before this court, and for the first time, Ms. Edwards raises the following argument:
“This appeal is by Carol Jean Grisham who is not a party to this suit. She is the executrix of the estate of Herbert Inman but he conveyed this property to her prior to his death. She has no standing to challenge the judgment of the trial court.”
Ms. Edwards fails to provide any legal authority to support her claim, and it is not this court’s function to create legal arguments for a party on appeal. Rule 28(a)(10), Ala. R.App. P.; see also Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (“[Ajppellate courts do not, ‘based on undelineated propositions, create legal arguments for the appellant.’ McLemore v. Fleming, 604 So.2d 353, 353 (Ala.1992). This court will address only those issues properly presented and for which supporting authority has been cited.”). Therefore, we will not consider this argument on appeal.
*992 Ms. Edwards also argues on appeal that Grisham’s brief fails to comply with Rule 28(a)(5), (7), and (10), Ala. R.App. P., and, thus, that the trial court’s judgment is due to be affirmed. We disagree. Although Grisham’s brief is minimally compliant, Grisham does support her argument with relevant caselaw and statutory authority.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN and BRYAN, JJ., concur.
MOORE, J., dissents, with writing, which THOMPSON, P.J., joins.