DONALDSON, Judge,
dissenting.
When these parties divorced in 1993, the Gold Kist equity account was held solely in the name of the former husband. Although the parties’ 1993 divorce settlement agreement divided certain specific property, it did not contain a provision addressing any unspecified assets, e.g., a “residuary” clause awarding all rights and interests in any other asset held solely in the name of a spouse to that spouse. In 2009, the former wife filed a complaint seeking, among other things, a determination that she was entitled to a portion of the equity account because, she asserted, it was a marital asset that had not been *1057 addressed in the 1993 divorce judgment. As noted in the original decision in this case:
“[T]he former wife insists that she has not improperly attempted to reopen the property-division aspects of the divorce judgment but that she is instead asserting a right to a claimed marital share of the equity that had accrued in the equity account during the parties’ marriage (i.e., from 1988-1993). She points out that the divorce judgment was silent as to that marital asset, and she claims that, therefore, her interest in that asset is the same as it was during the marriage. See Ex parte Davis, 495 So.2d [672] at 673 [ (Ala.1986) ], and McGuire [v. Horton ], 586 So.2d [9] at 9 [ (Ala.Civ.App.1991) ].”
Smith v. Cahill, 72 So.3d 692, 696 (Ala.Civ.App.2011).
The former wife appealed the trial court’s initial judgment denying her claim “to the extent that it preclude[d] her from claiming marital rights as to the equity account and from proceeding to trial against the former husband on claims of fraud and conversion relating to the equity account.” Id. at 695. The former husband did not appear to contest the designation of the equity account as a marital asset. His defenses were that the equity account was addressed in the settlement agreement and awarded to him and/or that the former wife’s claims were time-barred. The plurality opinion of this court remanded the case to the trial court so that the former wife could pursue her claim to the equity account as well as her fraud and conversion claims. Id. at 699. On remand, the trial court followed the mandate, and the former wife was permitted to present evidence regarding her claims through the adversarial process.
The former wife did not “own” one-half of the equity account at the time of the divorce in 1993 because that asset was held in the name of the former husband alone. This is not a case in which jointly owned property was not mentioned in a divorce judgment. For example, in Smith v. Smith, 892 So.2d 384 (Ala.Civ.App.2003), the husband and the wife were joint owners of certain real property, i.e., both the husband and the wife were listed as grantees on the deed. The divorce judgment did not specifically allocate the real property, and therefore, the wife remained a joint tenant and co-owner of the property because “‘the parties [were] left in the same position relative to that asset as they were in prior to the decree.’ ” Id. at 389 (quoting Johnson v. Johnson, 585 So.2d 89, 90 (Ala.Civ.App.1991), citing in turn Ex parte Davis, 495 So.2d 672 (Ala.1986)). Further, Alabama is not a “community property” state where each spouse is automatically entitled to half of the marital assets upon dissolution of the marriage. Wilkinson v. Wilkinson, 905 So.2d 1, 9, n. 2 (Ala.Civ.App.2004).
Instead, the equity account was a marital asset subject to allocation and/or division as part of the divorce proceedings. In determining the equitable distribution of the marital estate, a trial court’s allocation need not be equal:
“[A] trial court’s division of marital assets must be equitable; it need not be equal, and a determination of what is equitable rests within the sound discretion of the trial court. George v. George, 14 So.3d 180, 183 (Ala.Civ.App.2009); and Golden v. Golden, 681 So.2d 605, 608 (Ala.Civ.App.1996).”
Stone v. Stone, 26 So.3d 1232, 1237 (Ala.Civ.App.2009).
When dividing marital assets, a trial court need not apportion or divide each individual asset; rather, the division and award of all marital assets must be equitable when taken as a whole. The trial court *1058 certainly could have awarded the former wife all or a portion of the equity account, but it was not required to do so. The decision was for that court, not an appellate court, to make:
“We must remember that ‘[w]e are authorized to disturb the trial court’s decision only if it is unsupported by the evidence and, therefore, is unjust and palpably wrong.’ Grimsley v. Grimsley, 545 So.2d 75, 76 (Ala.Civ.App.1989). It is not for an appellate court to substitute its judgment for that of the trial court.”
Ex parte Durbin, 818 So.2d 404, 409 (Ala.2001).
The trial court properly considered the entire division of marital assets as contained in the 1993 divorce settlement agreement in making the determination required by the mandate of this court in Smith v. Cahill. Although the former wife presented evidence to the contrary, the trial court could have determined from the evidence presented at the adversarial proceeding that the equity account had limited value at the time of the parties’ divorce based on restrictions and conditions on its liquidation, the tax consequences of any liquidation, and prohibitions against continuing to do business with Gold Kist if the account was liquidated. The value of the account at the time it was converted to stock 11 years after the parties’ divorce would be relevant to a claim for damages for fraud or conversion had the former wife’s right to recover based on those claims been sustained by the trial court. It was within the sound discretion of the trial court to make an award of the equity account to the former husband, and that award cannot be disturbed on appeal based on the facts of this case.
After hearing all the testimony, the trial court found against the former wife on her claims of fraud and conversion. “The existence of fraud is a question for the trier of fact — in this case, the trial court — to determine.” Janda v. Janda, 984 So.2d 434, 436 (Ala.Civ.App.2007). The trial court’s determination that the former husband did not defraud the former wife regarding the equity account is, again, a matter within that court’s discretion. Because the trial court determined that the former husband is entitled to all rights, title, and interest in the equity account, a conversion claim cannot be sustained.
A different result could well have been reached on the facts of this case, but the decision was for the trial court to make. Because I find no abuse of discretion, I would affirm the judgment. Therefore, I respectfully dissent.
THOMPSON, P.J., concurs.