This is an appeal from a judgment of the Madison County Circuit Court wherein three cases were consolidated for trial. Evidence was taken ore tenus and judgment rendered against appellant James W. League in the amount of $15,400.10. No specification was made by the trial court as to what amounts of this award related to each of the three actions.
The pertinent facts of the first action consolidated for trial are as follows. Dora and S.O. McDonald, appellee, were in partnership conducting a construction business in Huntsville, Alabama. On October 28, 1959 the McDonalds entered into a contract with League for the construction of a trailer park on League's property. This agreement was cancelled by the parties and then reinstated on December 20, 1960.
Under the terms of the contract, League agreed to pay the actual cost of the labor and materials used in constructing the trailer park plus fifty percent over and above such cost. The sum of $1,500.00 in cash was paid by League to the McDonalds immediately upon execution of the contract. The balance of the debt was to be paid in the following manner:
 "The Contractor hereby agrees to accept, as the balance due on this contract, fifty (50%) of the net income from the operation of said trailer park until said balance has been paid in full. The net *Page 697 
profits are to be calculated at the end of each month, and the payments are to be made on or before the tenth day of each month."
Construction of the trailer park was completed in January, 1962. League made his last payment to the McDonalds on October 21, 1964, claiming that the debt had been entirely paid. Shortly thereafter, League also demanded that the McDonalds either remove several trailers from spaces in the trailer park which they had previously used rent-free, or begin paying rent for the spaces. The amount paid by League to the McDonalds under the construction contract through October, 1964, was $9,712.10.
On August 29, 1973 S.O. McDonald filed suit for breach of this contract, alleging that the trailer park had been constructed at a cost of $34,524.76, and that League had failed to pay the outstanding balance due under the terms of the contract. League's answer stated that he had paid all sums due to the McDonalds and that the action was barred by the statute of limitations.
This suit, Case Number 73-1094 in the court below, was revived by Dora McDonald after the death of S.O. McDonald in her capacity as administratrix of her husband's estate.
The second of the three cases consolidated at trial is a suit filed May 2, 1963, by Dora McDonald against League for the sum of $2,744.68, allegedly owed to the McDonalds for labor and materials furnished to League for the construction of a sewer line across League's property. This property is the same land upon which the trailer park was constructed. Mrs. McDonald had previously filed a lien in the Madison County Probate Court on April 3, 1963.
The third suit is also an action by Mrs. McDonald against League. In this suit, which was filed December 18, 1964, Mrs. McDonald claimed that $1,165.00 was owed to her for labor and materials furnished to League in 1964 to build a house on League's property. A materialman's lien had been filed by Mrs. McDonald on August 19, 1964.
As previously stated, the trial court did not itemize its award of $15,400.10. The decree reads as follows:
 "This cause consolidates Case Numbers 18,111; 19,786 and 73-1094 and the Court having proceeded to take testimony in said cause is of the opinion that the Plaintiff is entitled to have and recover of the Defendant the sum of $17,800.10; and that the Defendant is entitled to a credit of $2,400.00 for dirt, leaving the Plaintiff entitled to receive a total sum of, from Defendant James W. League, $15,400.10."
Where several actions are ordered to be consolidated for trial, each action retains its separate identity and thus requires the entry of a separate judgment. Ala.R.Civ.P. 42 (a) and Committee Comments; Teague v. Motes, 57 Ala. App. 609,330 So.2d 434 (1976). We therefore reverse and remand this judgment to the trial court for entry of separate judgments in each of the three cases consolidated for trial.
This result is in accord with federal decisions interpreting Rule 42 (a) of the Federal Rules of Civil Procedure, which rule is identical to Rule 42 (a) of the Alabama Rules of Civil Procedure. See, e.g., Oikarinen v. Alexian Brothers,342 F.2d 155 (3d Cir. 1965); Zdanok v. Glidden Company, Durkee FamousFoods Division, 327 F.2d 944 (2d Cir. 1964); Koenig v. Frank'sPlastering Company, 227 F. Supp. 849 (D.Neb. 1964). See also 9 Wright Miller, Federal Practice and Procedure: Civil § 2382 (1971).
We must address one further issue in this appeal. It is impossible to determine from the wording of the decree what amount, if any, was awarded by the trial court as a judgment in each of the three cases. However, as the amount sought in the two lien suits totals only $3,909.68, it is obvious to this court that the award was based either totally or in part on the contract action. It is League's position that the trial court's inclusion in its award of any sum based on the contract action constitutes error because that action, Case Number 73-1094, was barred by the six-year statute of limitations applicable to promises in writing not under seal. Tit. 7, § 21, Code of Alabama 1940 (§ 6-2-34, Code 1975).We agree. *Page 698 
A statute of limitations begins to run in actions on contracts when the contract is breached and a cause of action therefore accrues. Tit. 7, § 18, Code of Alabama 1940 (§6-2-30, Code 1975); Lipscomb v. Tucker, 294 Ala. 246,314 So.2d 840 (1975). Breach of the contract presently at issue occurred when League refused to pay anything further to the McDonalds for the construction of the trailer park because he believed that the debt had been entirely paid. As previously noted, this occurred in late 1964 according to League's testimony. The action was thus barred by the six-year statute of limitations because suit was not filed until August, 1973.
We recognize our oft stated rule of review that, when the trial court hears the evidence ore tenus, its judgment is presumed correct and will not be disturbed on appeal unless plainly and palpably erroneous. Kubiszyn v. Bradley, 292 Ala. 570, 298 So.2d 9 (1974). However, this rule is without application when the trial court erroneously applies the law to the facts before it. Price v. South Central Bell, 294 Ala. 144,313 So.2d 184 (1975).
In summary, we reverse this cause for entry of separate judgments in each of the actions consolidated for trial. On remand, the trial court is instructed to enter judgment in favor of League in the contract action. We cannot conclude from the record on appeal that the trial court award included amounts based upon the lien claims. Therefore, the cause is remanded to the trial court for entry of separate judgments in the two lien suits.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.