On Application for Rehearing
The opinion of February 9, 2001, is withdrawn, and the following is substituted therefor:
Linda Ann Mayhann (the "wife") and James Learoy Mayhann (the "husband") were married in October 1990. In August 1990, the husband purchased a home and two acres of land, which became the marital residence. To aid them in paying down the debt secured by the mortgage on the marital residence, the husband borrowed $25,000 and, to secure payment of that debt, gave a mortgage on another house he owned and used as rental property (the "rental house").
The wife, who was 53 at the time of the divorce, did not work during the marriage. Before the marriage, she had been employed as a security guard. She developed emphysema and chronic obstructive pulmonary disease (COPD) during the marriage. She had no retirement funds at the time of the divorce.
The husband, who was 63 at the time of the divorce, had worked for Georgia Pacific Corporation during most of the marriage, but had since retired. He has a *Page 838 
spastic colon and is a borderline diabetic. Unlike the wife, he has retirement funds, which are currently contributing about $1,000 per month to his income.
By August 1999, the parties' relationship had deteriorated; the husband sued for a divorce in January 2000. At trial, both parties testified that they had become incompatible and both parties testified concerning suspicions of adultery on the part of the other. The trial court divorced them, awarding the husband the marital residence, worth approximately $72,500 and subject to an indebtedness of approximately $30,800; the rental house, worth approximately $25,500 and subject to an indebtedness of approximately $19,500; his retirement accounts;[1] three of the four automobiles owned by the parties; and a majority of the furnishings in the marital residence.
The trial court awarded the wife $200 per month in periodic alimony for a period of two years, a 1991 Honda Accord automobile, a bedroom suite, a set of cookware, and a set of china. She was also awarded her personal effects. The husband was ordered to pay her attorney fees. After the wife filed a postjudgment motion contesting the division of property and the award of alimony, the trial court increased the alimony award to $350 per month, but left unchanged the two-year limitation and all aspects of the property division. The wife appeals, arguing that both the division of property and the award of alimony are inequitable.
This court must consider the issues of property division and alimony together when reviewing the decision of the trial court, Albertson v.Albertson, 678 So.2d 118, 120 (Ala.Civ.App. 1995), and, because the facts and circumstances of each divorce case are different, this court must also consider the particular facts and circumstances of the case being reviewed. Murphy v. Murphy, 624 So.2d 620, 623 (Ala.Civ.App. 1993).
The trial court has wide discretion over alimony and the division of property, and it may use whatever means are reasonable and necessary to equitably divide the parties' property. Grimsley v. Grimsley, 545 So.2d 75,77 (Ala.Civ.App. 1989). In making the division, the trial court may consider several factors, including the parties' respective present and future earning capacities, their ages and their health, their conduct, the duration of the marriage, and the value and type of marital property. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986). The property division made by the trial court will not be set aside on appeal absent a palpable abuse of that discretion. Id.
The trial court's judgment does not indicate its reasons for awarding the wife so little from the marital estate. However, the husband's brief to this court indicates that the husband believes that, pursuant to Ala. Code 1975, § 30-2-51(a), the rental house and the marital residence are his separate property and are not subject to division, because he had owned them before the parties married in October 1990. The husband also, in his complaint and at trial, claimed that the houses were his separate property.
The marital residence, in which the parties resided during the entire length of their marriage, can hardly be considered property that was not "used regularly for the common benefit of the parties during their marriage." § 30-2-51(a). Based on the testimony at trial, we conclude that the rental house was also *Page 839 
"used regularly for the common benefit of the parties during the marriage." Id. Although the husband had owned the rental house before the parties married and although it might otherwise not have been subject to division under § 30-2-51(a), the husband testified that he had mortgaged the rental house to raise funds to pay down the debt secured by the mortgage on the marital residence.[2] See Bushnell v. Bushnell,713 So.2d 962, 964 (Ala.Civ.App. 1997) (holding that an investment account funded by an inheritance and used to pay joint income taxes, to make mortgage payments, and to pay for household needs was "used regularly for the common benefit of the parties during the marriage").
However, our supreme court recently reversed a judgment of this court on this very issue — whether the trial court erred in failing to award the wife an allowance out of the husband's separate property under § 30-2-51(a). Ex parte Durbin, 818 So.2d 404, 408-09 (Ala. 2001). The Court explained that, while the trial court may, at its discretion, award one spouse an allowance out of the other spouse's separate property, it is not compelled to do so, even if the property was used for the common benefit of the marriage. Ex parte Durbin, 818 So.2d at 408. This court cannot reverse the trial court simply because it failed to award the wife an allowance out of the marital residence and rental house. However, we can consider whether the trial court abused its discretion in failing to do so.
The wife received only $350 per month in periodic alimony for a period of two years, a 1991 Honda Accord automobile, a bedroom suite, a set of cookware, and a set of china. We conclude, based on these facts, that we must reverse the trial court's property division, together with its alimony award, because of the inequity of those awards. On remand, the trial court should adjust the property division and alimony award as it considers appropriate in order to award the wife an equitable share.
The wife's request for an attorney fee on appeal is granted in the amount of $1,000.
OPINION OF FEBRUARY 9, 2001, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
Yates, P.J., and Thompson and Pittman, JJ., concur.
Murdock, J., concurs in the result.
[1] The husband's retirement accounts were not subject to inclusion in his separate estate for purposes of fashioning an allowance to the wife because the parties had not been married for at least 10 years. See Ala. Code 1975, § 30-2-51(b)(1).
[2] The record does not indicate whether the rental income derived from the rental house before the execution of the mortgage was placed into a joint account or was used for the parties' expenditures.