Farmers Insurance Company a/k/a Farmers Insurance Exchange ("Farmers") appeals from the circuit court's order requiring that it pay Price-Williams Associates, Inc. ("Price-Williams"), storage fees for an automobile that was involved in an accident with another automobile insured by Farmers. We reverse and remand with instructions.
The facts underlying this case can be summarized as follows. Leslie Williams Barksdale and Timothy Lee Burttram were involved in an automobile accident. Barksdale did not have automobile insurance; Burttram's automobile was insured by Farmers. Barksdale's automobile sustained some damage to its rear, including a broken rear window. Following the accident, Barksdale entered into an agreement with her employer, Price-Williams, for whom she cleaned offices at least on a part-time basis, to purchase another automobile. Tom Price-Williams, the owner of Price-Williams, testified at trial that, as a result of the agreement with Barksdale, Price-Williams provided Barksdale a second automobile, stored her damaged automobile, and was to receive payment for the second automobile once her claim against Farmers was settled. It was almost one and one-half years after Price-Williams began storing the damaged automobile that Angela Turner, an adjuster with Farmers, examined the automobile being stored by Price-Williams. Tom Price-Williams testified that, when Turner was at his business, he told her that the storage fee for the automobile was $7 per day. He also testified that she agreed to that storage fee and that she decided to allow Price-Williams to continue storing the damaged automobile until the claim was settled; Turner testified that no such conversation took place. *Page 254 
Barksdale filed a lawsuit against Burttram, and a judgment was entered in her favor. She paid some of the proceeds from that judgment to Price-Williams for the second automobile she had been provided. The damaged automobile remained on Price-Williams's premises. Price-Williams then filed this lawsuit against Farmers in the district court seeking the storage fees that had accumulated during the time the damaged automobile had been in storage. After conducting a hearing on Price-Williams's claim for storage fees, the district court entered a judgment in favor of Price-Williams in the amount of $3,488, plus costs. Farmers appealed from that judgment to the circuit court. After conducting a hearing on the matter, the circuit court entered a judgment in favor of Price-Williams in the amount of $4,367, plus costs.[1] Farmers then filed a notice of appeal to this court.
On appeal, Farmers contends that the circuit court erred by entering a judgment in favor of Price-Williams because, it contends, (1) it was not contractually obligated to pay Barksdale's storage fees because there was no consideration or mutuality of assent, and (2) there was no oral contract to support such an obligation because the Statute of Frauds requires a written contract in order for a party to become liable to pay the debt of another.
Because the circuit court conducted a bench trial in this case, the ore tenus standard of review applies.
 "When ore tenus evidence is presented, a presumption of correctness exists as to the trial court's findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. J M Bail Bonding Co. v. Hayes, 748 So.2d 198 (Ala. 1999); Gaston v. Ames, 514 So.2d 877
(Ala. 1987). When the trial court in a nonjury case enters a judgment without making specific findings of fact, the appellate court `will assume that the trial judge made those findings necessary to support the judgment.' Transamerica Commercial Fin. Corp. v. AmSouth Bank, 608 So.2d 375, 378 (Ala. 1992). Moreover, '[u]nder the ore tenus rule, the trial court's judgment and all implicit findings necessary to support it carry a presumption of correctness.' Transamerica, 608 So.2d at 378. However, when the trial court improperly applies the law to [the] facts, no presumption of correctness exists as to the trial court's judgment. Allstate Ins. Co. v. Skelton, 675 So.2d 377 (Ala. 1996); Marvin's, Inc. v. Robertson, 608 So.2d 391 (Ala. 1992); Gaston, 514 So.2d at 878; Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala. 1985); League v. McDonald, 355 So.2d 695 (Ala. 1978). `Questions of law are not subject to the ore tenus standard of review.' Reed v. Board of Trustees for Alabama State Univ., 778 So.2d 791, 793 n. 2 (Ala. 2000). A trial court's conclusions on legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576, 577 (Ala. 1993). This court reviews the application of law to facts de novo. Allstate, 675 So.2d at 379 ('[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the [trial] court's judgment *Page 255 
carries no presumption of correctness.')."
City of Prattville v. Post, 831 So.2d 622, 627-28 (Ala.Civ.App. 2002).
Farmers first argues that the circuit court erred in entering a judgment in favor of Price-Williams because, it contends, there was no mutuality of assent or consideration to support a contract. Upon reviewing the testimony presented, it is clear that whether there was mutuality of assent was a disputed question of fact. Accordingly, it was the role of the circuit court, pursuant to the ore tenus standard of review, to make a finding in consideration of the disputed testimony as to whether or not an agreement was reached between Price-Williams and Farmers. To support its judgment, which carries a presumption of correctness, see City of Prattville, supra, the circuit court necessarily found that such an agreement had been reached.
However, our review of the record and the testimony presented at trial indicates that there was no consideration supporting the alleged agreement. "The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." Hargrove v. Tree of Life Christian Day Care Ctr.,699 So.2d 1242, 1247 (Ala. 1997). Price-Williams contends on appeal thatAssociates Commercial Corporation v. Roberts, 844 So.2d 1256
(Ala.Civ.App. 2002), in which this court determined that storage fees were due to be paid by a creditor to a party who had stored its property, is analogous to this case. Our review of Roberts indicates that it is distinguishable from this case primarily because the creditor inRoberts had a security interest in the property that had been stored. In other words, the creditor in Roberts received a benefit; in this case, no such benefit accrued to Farmers. Farmers had no ownership interest in the damaged automobile and received no other benefit from its being stored on Price-Williams's premises. We cannot conclude that it was necessary that the damaged automobile be placed in storage in order for Barksdale's claim arising out of the automobile accident to be settled.
As a result of our conclusion that there was a lack of consideration to support a contract between Price-Williams and Farmers, it is not necessary that we address the remaining issue raised by Farmers. The circuit court's judgment is reversed, and the cause is remanded for that court to enter a judgment in favor of Farmers.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.
[1] The damaged automobile remained on Price-Williams's premises during these proceedings. During the hearing before the circuit court, Tom Price-Williams testified that the damaged automobile was still on his premises; Turner testified that Farmers did not want it.