BRYAN, Judge.
 

 In case number 2050820, Jerry T. By-rom, Jr., as administrator of the estate of Jerry Thomas Byrom (“the administrator”), appeals a judgment insofar as it (1) declared that the beneficial interest of Jerry Thomas Byrom (“Jerry”) in Desoto Star Holdings (“Desoto”), a revocable land trust, passed to his widow, Judy D. Byrom (“Judy”), upon his death; and (2) declared that certain conveyances of trust property from Desoto to Jerry and Judy in February 2001 were not fraudulent. We reverse the trial court’s judgment insofar as it declared that Jerry’s beneficial interest in Desoto passed to Judy upon his death, affirm the trial court’s judgment in all other respects, and remand the case to the trial court for further proceedings consistent with this opinion.
 

 In case number 2050855, the administrator appeals a postjudgment order in which the trial court conditioned the granting of a stay of its judgment upon the administrator’s posting a supersedeas bond in the amount of $1,000,000. We affirm that order.
 

 Jerry and Judy married in 1982. On June 25, 1997, Jerry executed a guaranty agreement in favor of B.P. Exploration and Oil (“BP”). In the guaranty agreement, Jerry agreed that, upon the occurrence of an event of default, he would personally pay any debt Byrom Oil Company, Inc. (“Byrom Oil”), owed BP. The guaranty agreement provided that Byrom Oil’s filing a petition for bankruptcy would constitute an event of default.
 

 On February 24, 1999, Jerry and Judy executed a trust indenture creating Deso-to. The Desoto trust indenture provided that Jerry and Judy each owned a 50% beneficial interest in Desoto. The Desoto trust indenture did not purport to address the disposition of Jerry’s and Judy’s beneficial interests in Desoto upon their deaths. Subsequent to the execution of the Desoto trust indenture, Jerry and Judy conveyed to Desoto a condominium unit in Orange Beach (“the condominium”), a lot on Lake Guntersville (“the lake lot”), and two other parcels of real property.
 

 Also on February 24, 1999, Jerry and Judy assigned certain personal property to Willow Cove Holdings (“Willow Cove”), an unincorporated association, to be held in trust for their benefit. To evidence Jerry’s and Judy’s beneficial interests, Willow Cove conveyed all 100 of its capital units to them. The indenture governing the operation of Willow Cove provided that, upon the death of Jerry or Judy, his or her capital units would pass to the survivor.
 

 On March 3, 1999, Jerry and Judy assigned certain personal property to Alliance Management, Ltd. (“Alliance”), an
 
 *786
 
 unincorporated organization, to be held in trust for their benefit. To evidence Jerry’s and Judy’s beneficial interests, Alliance conveyed all 100 of its capital units to them. The indenture governing the operation of Alliance provided that, upon the death of Jerry or Judy, his or her capital units would pass to the survivor.
 

 On February 9, 2001, Byrom Oil filed a petition for bankruptcy. On February 19, 2001, Desoto conveyed the condominium to Judy and Jerry as joint tenants with the right of survivorship. On February 20, 2001, Desoto conveyed the lake lot to Jerry and Judy as joint tenants with the right of survivorship.
 

 Jerry died on June 23, 2001, and Judy survived him. Following Jerry’s death, Judy conveyed the condominium and the lake lot back to Desoto. Jerry’s will was filed for probate with the probate court; however, the administration of his estate was later removed to the circuit court. Upon the opening of the estate, BP sued the estate in the United States District Court for the Northern District of Alabama, seeking, on the basis of the personal guaranty signed by Jerry, to recover the debt that Byrom Oil owed BP. Ultimately, BP obtained a judgment against the estate in the amount of $519,828.88 plus post-judgment interest.
 

 On September 30, 2003, the administrator filed, in the estate proceeding, a complaint naming Judy, among others, as a defendant and seeking, among other things, a judgment declaring (1) whether Desoto is a valid trust; (2) whether, in the event Desoto is a valid trust, the estate owns the 50% beneficial interest in Desoto that Jerry owned when he died; and (3) whether the conveyances of the condominium and the lake lot from Desoto to Jerry and Judy as tenants in common with the right of survivorship were fraudulent transfers.
 

 Answering the administrator’s complaint, Judy, among other things, asserted that Desoto is a valid trust, asserted that she became the owner of Jerry’s 50% beneficial interest in Desoto upon his death, and denied that the conveyances of the condominium and the lake lot from Desoto to Jerry and Judy were fraudulent. Subsequently, she amended her answer to add a counterclaim. Judy’s counterclaim alleged that, when she conveyed the condominium and the lake lot back to Desoto following Jerry’s death, she believed that she was the sole beneficiary of Desoto and, therefore, that she was placing those properties in a trust that was for her sole benefit. As relief, Judy’s counterclaim sought a judgment reforming those conveyances to place the condominium and the lake lot in a trust that was for her sole benefit if the trial court found that Judy was mistaken in her belief that she was the sole beneficiary of Desoto.
 

 Judy moved the trial court for a partial summary judgment declaring that Desoto is a valid trust, and the trial court granted that motion. Subsequently, the trial court received ore tenus evidence regarding the remaining issues at a bench trial on April 3, 2006. On May 9, 2006, the trial court entered a judgment stating, in pertinent part:
 

 “The Court finds that Jerry made no transfer of his interest[s] in ... Desoto, Willow Cove, or Alliance prior to his death. Both Willow Cove and Alliance clearly provide that the surviving [c]api-tal[-u]nit holder is entitled to receive all interest the deceased [c]apital[-u]nit holder held in the trusts at the time of [his or her] death. Accordingly, as she is the sole surviving [c]apital[-u]nit holder of both Willow Cove and Alliance, Judy is entitled to receive all of Jerry’s interest in both Willow Cove and Alliance. Desoto, however, does not pro
 
 *787
 
 vide for what happens to the beneficial interest of the deceased upon [his or her] death. Therefore, this Court must look to Alabama law to decide this issue. Accordingly, pursuant to the ‘residue of the residue rule’ of Alabama Code (1975) Section 43-8-225(b), as well as the intent of Jerry and Judy as Settlors of Desoto, Jerry’s interest in Desoto passed to Judy upon the death of Jerry.
 

 “Desoto, Willow Cove, and Alliance were established by Jerry and Judy in 1999 for legitimate estate planning purposes, and there was no fraudulent intent on the part of either Jerry or Judy. Further, the Court is unpersuaded by the [administrator’s] claims that transfers out of Desoto were done to avoid creditors, and accordingly this Court finds those transfers to be valid and not fraudulent as to the creditors of Jerry.
 

 [[Image here]]
 

 “Finally, as Judy is the sole owner of all one hundred percent (100%) beneficial interest in Desoto, the question of whether her conveyance of the [condominium] and the [l]ake [l]ot to Desoto after Jerry’s death was a mistake due to be reformed is moot, and as such this Court is not ruling on [Judy’s] Counterclaim.”
 

 The administrator appealed the trial court’s judgment to the supreme court and moved the trial court to stay its judgment pending the resolution of the appeal.
 
 [1]
 
 The supreme court, pursuant to § 12-2-7(6), Ala.Code 1975, transferred to this court the administrator’s appeal from the trial court’s judgment. The trial court, on June 27, 2006, entered an order (“the June 27 order”) conditioning the granting of the stay upon the administrator’s posting a supersedeas bond in the amount of $1,000,000. The administrator then timely appealed to this court from the June 27 order. This court transferred to the supreme court the administrator’s appeal from the June 27 order because this court lacked jurisdiction. Subsequently, the supreme court, pursuant to § 12-2-7(6), transferred to this court the administrator’s appeal from the June 27 order. This court then consolidated the administrator’s appeals.
 

 Because the trial court received evidence ore tenus in a bench trial, the following principles govern our review of the trial court’s judgment:
 

 “‘When ore tenus evidence is presented, a presumption of correctness exists as to the trial court’s findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.
 
 J & M Bail Bonding Co. v. Hayes,
 
 748 So.2d 198 (Ala.1999);
 
 Gaston v. Ames,
 
 514 So.2d 877 (Ala.1987).... “[U]nder the
 
 ore tenus
 
 rule, the trial court’s judgment and all implicit findings necessary to support it carry a presumption of correctness.”
 
 Transamerica [Commercial Fin. Corp. v. AmSouth Bank],
 
 608 So.2d [375] at 378 [(Ala.1992)]. However, when the trial court improperly applies the law to [the] facts, no presumption of correctness exists as to the trial court’s judgment.
 
 Allstate Ins. Co. v. Skelton,
 
 675 So.2d 377 (Ala.1996);
 
 Marvin’s, Inc. v. Robertson,
 
 608 So.2d 391 (Ala.1992);
 
 Gaston,
 
 514 So.2d at 878;
 
 Smith v. Style Advertising, Inc.,
 
 470 So.2d 1194 (Ala.1985);
 
 *788
 

 League v. McDonald,
 
 355 So.2d 695 (Ala.1978). “Questions of law are not subject to the ore tenus standard of review.”
 
 Reed v. Board of Trustees for Alabama State Univ.,
 
 778 So.2d 791, 798 n. 2 (Ala.2000). A trial court’s conclusions on legal issues carry no presumption of correctness on appeal.
 
 Ex parte Cash,
 
 624 So.2d 576, 577 (Ala.1993). This court reviews the application of law to facts de novo.
 
 Allstate,
 
 675 So.2d at 379 (“[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the [trial] court’s judgment carries no presumption of correctness.”).’ ”
 

 Farmers Ins. Co. v. Price-Williams Assocs., Inc.,
 
 873 So.2d 252, 254-55 (Ala.Civ.App.2003) (quoting
 
 City of Prattville v. Post,
 
 831 So.2d 622, 627-28 (Ala.Civ.App.2002)).
 

 The administrator first argues that the trial court erred in concluding that Jerry’s beneficial interest in Desoto passed to Judy upon his death by virtue of § 43-8-225(b), Ala.Code 1975. Specifically, the administrator argues that § 43-8-225(b), by its terms, applies only to dispositions of property by wills and, therefore, does not apply to the Desoto trust indenture because it is not a will. The trial court’s conclusion regarding § 43-8-225(b) is a conclusion of law; therefore, we review it de novo.
 
 See Farmers Ins. Co.,
 
 supra.
 

 Section 43-8-225(b) provides:
 

 “(b) Except as provided in section 43-8-224 if the residue is
 
 devised
 
 to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee, or to other residuary devi-sees in proportion to their interests in the residue.”
 

 (Emphasis added.) Chapter 8 of Title 43 is the Probate Code. In pertinent part, § 43-8-1, Ala.Code 1975, provides:
 

 “Subject to additional definitions contained in the subsequent articles which are applicable to specific articles or divisions, and unless the context otherwise requires, in this chapter, the following word shall have the following meanings:
 

 [[Image here]]
 

 “(5) Devise. When used as a noun, means a testamentary disposition of real or personal property and when used as a verb, means to dispose of real or personal property by
 
 will.”
 

 (Emphasis added.) A will is “[a] document by which a person directs his or her estate to be distributed upon death....”
 
 Black’s Law Dictionary
 
 1628 (8th ed.2004). The Desoto trust indenture does not purport to direct the distribution of any of Jerry’s property upon his death; therefore, it is not a will. Because the Desoto trust indenture is not a will, § 43-8-225(b) does not apply to it. Accordingly, the trial court erred insofar as it concluded that § 43-8-225(b) effected the transfer of Jerry’s beneficial interest in Desoto to Judy upon his death.
 

 The administrator next argues that the trial court erred in finding that Jerry and Judy intended Jerry’s beneficial interest in Desoto to pass to Judy upon his death. Specifically, the administrator argues that the absence of a provision purporting to dispose of a beneficiary’s interest in Deso-to upon his or her death does not create an ambiguity that would allow the trial court to consider extrinsic evidence of Jerry and Judy’s intent; rather, the administrator argues, the absence of such a provision clearly and unambiguously indicates that Jerry and Judy intended that the death of a beneficiary would not effect a transfer of his or her beneficial interest to the surviving beneficiary.
 

 
 *789
 
 Judy, on the other hand, argues that the absence of a provision purporting to dispose of a beneficiary’s interest in Desoto upon his or her death
 
 does
 
 create an ambiguity that would allow the trial court to consider extrinsic evidence of Jerry and Judy’s intent and that such extrinsic evidence indicates that Jerry and Judy intended that the death of a beneficiary would effect the transfer of his or her beneficial interest in Desoto to the surviving beneficiary.
 

 Although the trial court did not state its rationale for concluding that Jerry and Judy intended that the death of a beneficiary would effect the transfer of the deceased beneficiary’s interest to the survivor, it could not have based that conclusion on language in the Desoto trust indenture because the Desoto trust indenture contains no such language. Thus, the trial court necessarily reached that conclusion on the basis of extrinsic evidence, which the trial court could have considered only if it first determined that the Desoto trust indenture contained a latent ambiguity.
 
 See Gafford v. Kirby,
 
 512 So.2d 1356, 1363 (Ala.1987).
 

 The issue whether a written instrument is ambiguous is a question of law, and the trial court’s ruling on that question carries no presumption of correctness on appeal.
 
 BõWing Office Sys. v. Johnson,
 
 744 So.2d 915, 918 (Ala.Civ.App.1999). Accordingly, we review de novo the trial court’s implicit determination that the De-soto trust indenture contains a latent ambiguity regarding whether Jerry and Judy intended the death of a beneficiary to effect the transfer of the deceased beneficiary’s interest to the survivor.
 
 See Farmers Ins. Co.,
 
 supra. A written instrument is ambiguous if it is capable of more than one meaning.
 
 See BõWing Office Sys. v. Johnson,
 
 supra. In the case now before us, the absence from the Desoto trust indenture of a provision disposing of a beneficiary’s interest in Desoto upon his or her death does not make any provision of the trust indenture capable of more than one meaning. Rather, the absence of a provision disposing of a beneficiary’s interest upon his or her death simply indicates that the trust indenture does not purport to dispose of a beneficiary’s interest in Desoto upon his or her death; that is not an ambiguity. When a written instrument is free from ambiguity, it must be enforced as written.
 
 Id.
 
 Therefore, because the unambiguous Desoto trust indenture does not provide for the disposition of Jerry’s beneficial interest upon his death, the trial court erred in construing the Desoto trust to pass Jerry’s beneficial interest to Judy upon his death on the basis of extrinsic evidence.
 

 Accordingly, because neither § 43-8-225(b) nor the unambiguous trust indenture effected a transfer of Jerry’s beneficial interest in Desoto to Judy upon his death, we must reverse the trial court’s judgment insofar as it declared that Jerry’s beneficial interest in Desoto passed to Judy upon his death.
 

 The administrator next argues that the trial court erred in concluding that the conveyances of the condominium and the lake lot from Desoto to Jerry and Judy were not fraudulent because, the administrator says, the trial court’s finding that Jerry and Judy did not have a fraudulent intent with regard to those conveyances was contrary to the great weight of the evidence. However, the issue of Jerry and Judy’s intent is moot because the record establishes that the conveyances challenged by the administrator were not made by a debtor or the alter ego of a debtor. One of the essential elements of a claim under the Alabama Uniform Fraudulent Transfer Act, §§ 8-9A-1 to -12, Ala. Code 1975, is a conveyance by the debtor or the alter ego of the debtor.
 
 See S.J.
 
 
 *790
 

 Holding Co. v. Kadco, Inc.,
 
 874 So.2d 1036, 1041-46 (Ala.2003);
 
 Thompson Props. v. Birmingham Hide & Tallow Co.,
 
 839 So.2d 629, 632-34 (Ala.2002);
 
 Folmar & Assocs. LLP v. Holberg,
 
 776 So.2d 112, 117-18 (Ala.2000); and
 
 Woodard v. Funderburk,
 
 846 So.2d 363, 366-67 (Ala.Civ.App.2002). In the case now before us, Jerry was the debtor before his death, and his estate became the debtor upon his death. The conveyances at issue, however, are conveyances by Desoto. Desoto is not the debtor. Moreover, the trial court entered a partial summary judgment declaring that Desoto is a valid trust, a judgment that negates any contention that Desoto is the alter ego of Jerry or the estate, and the administrator has not challenged that partial summary judgment on appeal — indeed, all of the administrator’s arguments on appeal presuppose that Desoto is a valid trust. Consequently, the administrator has waived any argument he may have been able to assert regarding whether De-soto is the alter ego of Jerry or the estate.
 
 See Tucker v. Cullman-Jefferson Counties Gas Dist.,
 
 864 So.2d 317, 319 (Ala.2003) (“ ‘When an appellant fails to properly argue an issue, that issue is waived and will not be considered.
 
 Boshell v. Keith,
 
 418 So.2d 89 (Ala.1982).’
 
 Asam v. Devereaux,
 
 686 So.2d 1222, 1224 (Ala.Civ.App.1996).”). Accordingly, we must affirm the judgment of the trial court insofar as it ruled in favor of Judy with respect to the administrator’s fraudulent-conveyance claim because the record establishes that the conveyances of the condominium and the lake lot to Jerry and Judy were not made by the debtor or the debtor’s alter ego.
 
 See, e.g., S.J. Holding Co. v. Kadco, Inc.,
 
 874 So.2d at 1041-46. Although our rationale for affirming this portion of the trial court’s judgment differs from the trial court’s rationale for entering it, an appellate court “may affirm a trial court’s judgment on ‘any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.’ ”
 
 General Motors Corp. v. Stokes Chevrolet, Inc.,
 
 885 So.2d 119, 124 (Ala.2003) (quoting
 
 Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found.,
 
 881 So.2d 1013, 1020 (Ala.2003)).
 
 Accord Smith v. Equifax Servs., Inc.,
 
 537 So.2d 463, 465 (Ala.1988) (“[TJhis Court ‘will affirm the judgment appealed from if supported on any valid legal ground.’” (quoting
 
 Tucker v. Nichols,
 
 431 So.2d 1263, 1265 (Ala.1983))).
 

 Finally, the administrator argues that the June 27 order was erroneous. However, the administrator has not cited any legal authority in support of this argument.
 

 “Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s brief contain ‘citations to the cases, statutes, other authorities, and parts of the record relied on.’ ... [I]t is well settled that a failure to comply with the requirements of Rule 28(a)(10) requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments.
 
 Ex parte Showers,
 
 812 So.2d 277, 281 (Ala.2001).”
 

 State Farm Mut. Auto. Ins. Co. v. Motley,
 
 909 So.2d 806, 822 (Ala.2005). Therefore, we affirm the June 27 order.
 

 In case number 2050820, we reverse the trial court’s judgment insofar as it declared that Jerry’s beneficial interest in Desoto passed to Judy upon Jerry’s death, affirm the trial court’s judgment in all other respects, and remand the case to the trial court for further proceedings consistent with this opinion. In case number 2050855, we affirm the June 27 order.
 

 2050820 — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 2050855 — AFFIRMED.
 

 
 *791
 
 THOMAS, J., concurs.
 

 THOMPSON, P.J., AND PITTMAN and MOORE, JJ., concur in the result, without writing.
 

 [1]
 

 . Upon Judy’s motion, the trial court amended its judgment; however, that amendment is not material to the issues in this appeal.