Michael and Lisa Kilpatrick sued David and Renae Coleman on February 8, 1999, *Page 789 
seeking to establish the proper boundary line between the parties' adjacent properties. The Kilpatricks alleged, among other things, that the Colemans are adjacent property owners, that they share a common boundary, and that a dispute had arisen between the parties as to the ownership of a driveway and turn-around that runs between the two properties. The Colemans answered and counterclaimed on March 8, 1999, alleging that the disputed driveway lies within their property and that any prior use of the driveway by the Kilpatricks had been permissive. The counterclaim sought to quiet title to the disputed driveway.
On June 17, 1999, the Kilpatricks amended their complaint to allege, among other things, ownership of the driveway by adverse possession, or, in the alternative, an easement by implication in and across the driveway. Following an ore tenus proceeding, the court, on May 19, 2000, entered the following order:
 "This matter came on to be heard on the Petition of the [Kilpatricks] and the response and counterclaim of the [Colemans]. The parties have a dispute over the ownership and/or right to use a strip of land between their respective lots, a portion of which was being used by each party. An earlier disagreement apparently helped create the current dispute and the harsh feelings between the parties.
 "The [Kilpatricks] first contend they own the area or alternatively that it is a public road. They also sue for trespass and intentional infliction of emotional distress. The [Colemans] contend that they own the area by adverse possession. Based on the evidence presented in open court on September 28, 1999, and substantial legal research by the Court since that time, and two views of the disputed area, the Court finds that the area is not a public road. Although plats exist referring to the road and some unofficial maps show it as a street or alley, there has never been a formal dedication of the road or street, the plat has not been shown to have been properly recorded in the Crenshaw County Probate Records, and no showing was made that the street was ever accepted by the municipal council. Hence, there was no requirement for a vacation of the area for one of the parties, or their predecessors in title, to adversely possess all or a portion of it.
 "The evidence shows that the parties and their predecessors both used the paved portion of the disputed area running north and south for ingress and egress at various times. There is a turnout to the west providing access to the rear of the [Colemans'] house. The [Colemans] and their predecessors in title actually placed physical structures on that portion of the disputed area west of the paved driveway (and the projection of the driveway's west edge across the turnout), such as a fuel tank, a concrete wall, and other items which uses do constitute adverse possession of that area. The [Colemans] have record title to the disputed area. The Court cannot say that either party has acquired exclusive use of the portion of the paved driveway running north and south since the evidence is uncertain as to who used it most, and whether permission was obtained or permission to use restricted by the earlier owners of the two lots. The paved portion extends past the [Kilpatricks'] carport entrance to the south and ends at an old fence perpendicular to the driveway *Page 790 
 and located on the west side. Beyond the fence and the end of the paved portion of the driveway is an old barbecue pit structure which has obviously been there a long time and the location and configuration indicates that the [Colemans'] predecessors in title utilized this area and that structure and that the same has been maintained as a part of the [Colemans'] yard. The [Kilpatricks] submitted some evidence of lost wages and emotional distress.
 "In view of the foregoing, it is ORDERED, ADJUDGED and DECREED as follows:
 "1. That the disputed area between the lots of the [Kilpatricks] and the [Colemans] is not a public way.
 "2. That the area from one foot west of the paved driveway and the projection of the west side of the driveway across the turnout to the west has been adversely possessed by the [Colemans] back to the fence running east and west at the end of the paved driveway; and [the Colemans] have adversely possessed the rear portion of the disputed area within their deed description which lies to the south of the fence and end of the paved driveway; and such property be and is hereby declared to [be] the property of the [Colemans].
 "3. That the [Kilpatricks] have adversely possessed all that portion of the disputed area one foot to the east of the paved driveway back to the end of the paved portion of the driveway and are declared to be owners thereof.
 "4. That each party has acquired a non-exclusive continuous and unimpeded right of way by prescription or user in the disputed area from one foot east of the asphalt paved portion of the driveway to one foot west of the asphalt paved portion of the driveway (excluding that portion of the turnout to the west adjudged to be owned by [the Colemans]) for purposes of ingress and egress to and from their respective lots, and neither party shall block, impede or otherwise prevent the other party uninterrupted access to and from their respective lots over the paved driveway, or knowingly permit or encourage someone else to do so.
 "[5.] That the [Kilpatricks'] claim of trespass, in view of the holding herein, is denied and dismissed.
 "[6.] That [the Kilpatricks'] claim for intentional infliction of emotional distress be and is hereby denied and dismissed.
 "[7.] That neither party recover of the opposite party any monetary damages.
 "[8.] That the City of Luverne was not a party to this proceeding."
On June 16, 2000, the Kilpatricks moved the court to alter, amend, or vacate its judgment, asking the court to clarify where the parties may or may not park automobiles with regards to the driveway. On June 19, 2000, the Colemans filed a postjudgment motion, contending that the trial court had failed to declare and establish title to the driveway and to establish a boundary line and that the court had erroneously determined that the Kilpatricks had acquired an easement by prescription when they did not seek an easement, but rather sought at trial absolute title to the driveway. On September 28, 2000, the trial court amended its order, granting certain relief relative to the parties parking in the driveway and denied all other relief. The Colemans appeal. This case was transferred to this court by the supreme court, pursuant to § 12-2-7, Ala. Code 1975. *Page 791 
We conclude that the trial court erred as a matter of law in purporting to grant the parties a prescriptive easement to the driveway without having first determined who owned the disputed driveway. As stated above, the Colemans sought to quiet title to the driveway. At trial, Michael Kilpatrick testified that he owned the driveway and further stated that he was not claiming possession of the driveway by easement or license. Our supreme court has set forth the following requirements for establishing an easement by prescription:
 "`To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use is adverse to the owner.'"
Apley v. Tagert, 584 So.2d 816, 818 (Ala. 1991), quoting Bull v. Salsman, 435 So.2d 27, 29 (Ala. 1983) (emphasis added). The trial court failed to determine who owned the driveway and failed to quiet title to the driveway, although both parties claimed ownership of it. Without having first determined who owned the driveway, the trial court could not have granted either party a right of way or an easement by prescription in the driveway, because in order to establish an easement by prescription, use of the disputed area must be adverse to the owner, and under a claim of right, exclusive, continuous, and uninterrupted with knowledge of the owner. Accordingly, we must reverse the judgment of the trial court and remand the case for further proceedings. Upon remand, the court should first determine the true owner of the driveway before granting a right of way or an easement by prescription, should the evidence presented support a finding of a right of way or an easement by prescription.
Because we conclude that the trial court erred in granting the parties a right of way or an easement by prescription over the driveway without having determined who owned the driveway and we remand the case for further proceedings, we pretermit discussion of the remaining issues raised by the Colemans.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.
CRAWLEY, J., dissents.