This case involves an easement by prescription awarded to Billy Mack Spann upon an "old wagon or logging road" (hereinafter "the logging road") that serves as the boundary line between property owned by Louis B. Hanks and Margaret C. Hanks, and property owned by Tommy F. Clement in Marion County. Spann owns land at one end of the logging road.
On June 15, 2005, the Hankses and Clement sued Spann in the Marion Circuit Court. The complaint described the property owned by the Hankses, the property owned by Clement, the property owned by Spann, and the logging road that is the subject of this dispute. The Hankses and Clement alleged that they owned the logging road. They further alleged that Spann had widened and improved the logging road, had added gravel to the road, and had placed a gate upon the road without the permission or consent of the Hankses or Clement. Further, they alleged that Spann had opened a dirt pit on his property and had commenced hauling dirt to the pit using the logging road. The Hankses and Clement sought an order declaring that Spann had no right or interest in the logging road and an order enjoining Spann from using the road.
On November 1, 2006, Spann answered, denying the allegations of the complaint and asserting that he had an easement by prescription and an easement by necessity upon the logging road. On November 20, 2006, the trial court heard disputed, oral testimony from 11 witnesses and admitted into evidence a total of 24 exhibits. On February 21, 2007, the trial court entered a judgment finding that the Hankses and Clement had failed to prove that they held title to the logging road; that their deeds indicated that their property lines run "to and along this road"; and that the logging road runs through neither the Hankses' property nor Clement's property. The trial court found that the logging road is the boundary that separates the Hankses' *Page 401 
property from Clement's property, but it did not determine who is the owner of the logging road. On March 12, 2007, the Hankses and Clement filed a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P. That motion was denied on April 12, 2007. The Hankses and Clement timely appealed to the supreme court. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
The February 21, 2007, judgment reads:
 "This cause came before the court on the plaintiffs' complaint and the defendant's answer thereto. The court proceeded to hear testimony. Plaintiffs are coterminous landowners. Their lands are divided by an old field road or log road. The defendant owns land at the southwest end of said road beyond the plaintiffs' lands. Plaintiffs seek to prohibit the defendant from using the log road as a way of ingress and egress to his property, claiming that the use he has made of the road in the past was permissive in nature and did not ripen into an easement.
 "Defendant contended that he had an easement over the road both by prescription and way of necessity.
 "Plaintiffs claim that the defendant asked for permission sometime since the year 2000 to use the road to haul timber out. Defendant denied this and stated that he did discuss improving, or doing some work on, the road and putting a gate and lock on it with Joel Clement, the father of one of the plaintiffs, and that he stated that that would be no problem.
 "That was the only evidence that the use of the road by the defendant was permissive. But that is immaterial in this case because the evidence is overwhelming and uncontroverted that the defendant and his predecessors in title had been using this road for twenty or more years, without permission of anyone.
 "Furthermore, the plaintiffs have not shown that they have title to the road. Their deeds simply say that their property lines run along this road. This road in question runs through neither plaintiffs property. The road is simply the boundary that separates their lands. The fact that the road is referred to in their deeds is proof that the road is a well-established landmark.
 "Upon consideration of the same it is therefore,
 "ORDERED, ADJUDGED and DECREED;
 "1. That the relief sought by plaintiffs is denied;
 "2. That the defendant has an easement by prescription over the road beginning at the end of Ivy Street in Winfield, Alabama, and extending southeasterly for a distance of 1, 064.3 feet, more or less, to the west boundary of the SW 1/4 of the SE 1/4 of Section 15, Township 13 South, Range 12 West, which divides the land of the plaintiffs.
 "3. That the costs in this case are hereby taxed to the plaintiffs, which if not paid let execution issue.
 "Having found that there has been established an easement by prescription it is unnecessary to decide the issue of easement by necessity."
At trial the court heard disputed, oral testimony from several witnesses.
 "`When ore tenus evidence is presented, a presumption of correctness exists as to the trial court's findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. *Page 402 J M Bail Bonding Co. v. Hayes, 748 So.2d 198 (Ala. 1999); Gaston v. Ames, 514 So.2d 877 (Ala. 1987). . . . Moreover, "[u]nder the ore tenus rule, the trial court's judgment and all implicit findings necessary to support it carry a presumption of correctness." Trans-america [Commercial Fin. Corp. v. Am-South Bank], 608 So.2d [375] at 378 [(Ala. 1992)]. However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the trial court's judgment. . . . "Questions of law are not subject to the ore tenus standard of review." Reed v. Board of Trustees for Alabama State Univ., 778 So.2d 791, 793 n. 2 (Ala. 2000). A trial court's conclusions on legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576, 577 (Ala. 1993). This court reviews the application of law to facts de novo. Allstate [Ins. Co. v. Skelton], 675 So.2d [377,] 379 [(Ala. 1996)].'"
Mims v. First Citizens Bank, 913 So.2d 1098, 1101
(Ala.Civ.App. 2005) (quoting City of Prattville v. Post,831 So.2d 622, 627-28 (Ala.Civ.App. 2002)).
The trial court's judgment is clearly erroneous and due to be reversed as a matter of law. In Coleman v. Kilpatrick,824 So.2d 788 (Ala.Civ.App. 2001), this Court quoted the Supreme Court of Alabama, stating:
 ""`To establish an easement by prescription, the claimant must use the premises over which the easement is claimed for a period of twenty years or more, adversely to the owner of the premises, under claim of right, exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. The presumption is that the use is permissive, and the claimant has the burden of proving that the use is adverse to the owner."'"
824 So.2d at 791 (quoting Apley v, Tagert,584 So.2d 816, 818 (Ala. 1991), quoting in turn Bull v. Salsman,435 So.2d 27, 29 (Ala. 1983)). In Coleman, this court reversed a judgment awarding an easement by prescription, or right-of-way, because the trial court had failed to identify the owner of a disputed driveway, the dominant tenement, but had granted an easement by prescription nonetheless.
In Coleman, there was a dispute between the Kilpatricks and the Colemans, coterminous property owners located to the east and west, respectively, of a shared driveway. The Kilpatricks sued the Colemans seeking to establish the proper boundary line between the parties' properties. The Colemans answered and counterclaimed, seeking to quiet title. The Kilpatricks amended their complaint to allege that they held title to of the driveway, or, alternatively, that they owned the driveway by adverse possession or that they held an easement by implication, over the driveway. The trial court in Coleman held, among other things, that both the Colemans and the Kilpatricks had acquired a nonexclusive, continuous, and unimpeded easement by prescription in the driveway.
On appeal, this Court determined that the trial court had erred in granting the parties an easement by prescription, concluding that "the trial court erred in granting the parties a right of way or an easement by prescription over the driveway without having determined who owned the driveway." Coleman,824 So.2d at 791.
Although the trial court's judgment in this case purports to award Spann an easement by prescription, the judgment fails to determine the owner or owners of the logging road. InColeman, this Court reasoned:
 "Without having first determined who owned the driveway, the trial court *Page 403 
could not have granted either party a right of way or an easement by prescription in the driveway, because in order to establish an easement by prescription, use of the disputed area must be adverse to the owner, and under a claim of right, exclusive, continuous, and uninterrupted with knowledge of the owner."
824 So.2d at 791. The trial court's judgment in this case states that neither the Hankses nor Clement own the logging road. It is error to award an easement by prescription based upon, among other things, a use adverse to the owner of the dominant tenement without first actually identifying the owner of the dominant tenement.
Alabama follows the majority rule that a grant of land abutting a public highway is presumed to carry fee title to the centerline of the highway. Ex parte Jones,669 So.2d 161 (Ala. 1995). Moreover, the testimony that the logging road was the boundary between the Hankses' and Clement's properties was undisputed. In fact, it was undisputed that the Hankses' and Clement's predecessors in interest had agreed that the logging road was the boundary line of the properties as well. "In a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by adverse possession. . . ."Kerlin v. Tensaw Land Timber Co., 390 So.2d 616,618 (Ala. 1980); see also Jacks v. Taylor, [Ms. 2060455, Nov. 2, 2007]* (Ala.Civ.App. 2007).
Based on the foregoing, the judgment of the trial court is reversed, and the cause is remanded with the following instructions. The trial court shall: (1) determine the owner or owners of the logging road; (2) determine whether there exists an easement by prescription and/or necessity; and (3) if the court determines that an easement by prescription and/or necessity exists, determine whether the scope of the easement has been overburdened.[1]
REVERSED and REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and MOORE, J., concur.
PITTMAN and BRYAN, JJ., concur in the result, without writing.
* Note from the reporter of decisions: On March 28, 2008, the Alabama Court of Civil Appeals withdrew the November 2, 2007, opinion in Jacks and substituted another one.
[1] Although the Hankses and Clement raised these and other issues in the trial court and on appeal, we pretermit discussion of these issues due to the basis of our reversal, i.e., that the trial court erred in granting an easement by prescription over the logging road without having first determined the ownership of the road. See Coleman,824 So.2d at 791; see also Apley, 584 So.2d at 818.